# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>FERNANDO ARIAS-GONZALES,<br><br>　　　　　Defendant. | No. CR06-4088-DEO<br><br>**REPORT AND RECOMMENDATION FOR DISMISSAL DUE TO SPEEDY TRIAL VIOLATION** |

_____

This matter is before the court *sua sponte* for consideration of whether the Indictment should be dismissed due to violation of the defendant's rights under the Speedy Trial Act, 18 U.S.C. § 3161.

On September 25, 2006, a criminal complaint was filed against the defendant, alleging he conspired to distribute methamphetamine. (Doc. No. 1 in 06mj269) The defendant was arrested and had an initial appearance before the undersigned on September 27, 2006. (*See* Doc. No. 6 in 06mj269) Because a detainer was on file from Immigration and Customs Enforcement, the court ordered the defendant detained. (*Id.*) A preliminary examination was held on October 5, 2006. The court found probable cause to believe the defendant had committed the offense described in the complaint, and bound the defendant over to the grand jury. (Doc. No. 10 in 06mj269) The defendant remained detained. (*Id.*)

On October 25, 2006, the grand jury indicted the defendant on one count of conspiracy to distribute methamphetamine. (Doc. No. 1) At the time the Indictment was filed by the plaintiff (the "Government"), the Assistant U.S. Attorney indicated the

defendant was "Already in Federal Custody." (Doc. No. 1, Criminal Case Cover Sheet) On October 27, 2006, an attorney was appointed to represent the defendant. (Doc. No. 3)

Nothing further occurred in the case until mid-March 2007, when it came to the attention of the undersigned that the defendant had never been arraigned on the indictment. The defendant was arraigned on March 29, 2007, and his oral request for a new attorney was granted. A new attorney was appointed to represent the defendant the same day. (*See* Doc. Nos. 5 & 7)

The Speedy Trial Amendments Act of 1979, commonly known as the Speedy Trial Act, requires, subject to numerous exceptions, that a defendant's trial commence within seventy days from the later of (1) the date the indictment is filed or made public, or (2) the date the defendant appears before a judicial officer of the court in which the charge is pending. 18 U.S.C. § 3161(c)(1). In the present case, the defendant's first appearance in this court was on September 27, 2006, on the criminal complaint. The Indictment was filed October 25, 2006 – the later of the two dates. Because the defendant's first appearance was prior to the date his Indictment was filed and made public, the date the Indictment was filed and made public triggered the speedy trial clock. *United States v. Mancias*, 350 F.3d 800, 807 (8th Cir. 2003). The court's docket does not indicate any event occurred that would have triggered an exclusion under the Act. *See generally* 18 U.S.C. § 3161(h). Therefore, the defendant's trial should have commenced by January 3, 2007.

When the court determines a speedy trial violation has occurred, the court is required to dismiss the Indictment *sua sponte*. *United States v. Lowery*, 21 F. Supp. 2d 648, 649 (E.D. Tex. 1998). Dismissal is automatic when a defendant is not brought to trial within the seventy-day limit specified by the Act. *United States v. Mancias*, 350 F.3d 800, 810 (8th Cir. 2003) (citing 18 U.S.C. § 3162). "The courts share with the government the responsibility to protect the speedy trial rights of both the defendant and

society." *United States v. Saltzman*, 984 F.2d 1087, 1091 (10th Cir. 1993) (citing *United States v. Doran*, 882 F.2d 1511, 1517 (10th Cir. 1989)). Similarly, the prosecutor "represents the people and for this reason shares the obligation to assure the mandates of the law are followed." *Id.*, 882 F.2d at 1092. The events in this case lead to the conclusion that the Indictment should be dismissed because the defendant's right to a speedy trial has been violated.

The next question is whether the dismissal should be with or without prejudice, a question within the trial court's discretion. *See United States v. Dezeler*, 81 F.3d 86, 89 (8th Cir. 1996); *United States v. Kottmyer & Upton*, 961 F.2d 569 (6th Cir. 1992). In making this determination, the court must consider three factors: "'the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice.'" *United States v. Taylor*, 487 U.S. 326, 333, 108 S. Ct. 2413, 2417, 101 L. Ed. 2d 297 (1988) (quoting 18 U.S.C. § 3162(a)(2)). The court must consider each of those factors carefully "as applied to the particular case and . . . clearly articulate their effect." *Id.*, 487 U.S. at 336, 108 S. Ct. at 2419. "In addition to the factors listed in the statute, a district court should consider the presence or absence of prejudice to the defendant resulting from the violation of the Act." *United States v. Becerra*, 435 F.3d 931, 935 (8th Cir. 2006) (citing *Taylor*, 487 U.S. at 334, 108 S. Ct. at 2417)).

With regard to the first factor the court must consider, the defendant is charged with conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§846, 841(a)(1) and 841(b)(1)(A). (Doc. No. 2) The charge involves a significant quantity of methamphetamine, which is a serious offense. This factor weighs in favor of dismissal without prejudice.

3

With regard to the second factor, the Government is not solely responsible for the delay in bringing the defendant to trial.  The defendant's previous counsel specifically informed the court that he knew the defendant was awaiting arraignment and trial setting, and he and the defendant made a tactical decision not to take any action to remedy the situation.  Although "the government's negligent failure to comply with the Act may justify dismissal with prejudice," *United States v. Koory*, 20 F.3d 844, 847 (8th Cir. 1994), the court finds that under these circumstances, the defendant's intentional failure to assert his right to a speedy trial weighs in favor of dismissal without prejudice.

With regard to the third factor, the impact of a reprosecution on the administration of the Speedy Trial Act and on the administration of justice, the court finds it significant that this case has not yet been tried, no pretrial motions have been filed or heard, and the impact of reprosecution would be minimal.  There is no evidence in this court of purposeful conduct or a pattern of negligence on the part of the Government that would be deterred by a dismissal with prejudice.  *See id*.  The court finds the impact of reprosecution favors dismissal without prejudice.

Finally, considering the prejudice to the defendant, the court acknowledges the defendant and his family may have suffered some degree of emotional and financial stress while the defendant has remained incarcerated pending trial.  Again, however, the court must consider the fact that the defendant was aware of his right to a speedy trial and chose not to assert the right.  He bears some of the responsibility for the delay in bringing him to trial.  The court finds any prejudice he has suffered is mitigated by his failure to assert the right in a timely manner.

After careful consideration of all relevant facts and circumstances in the record, **IT IS RESPECTFULLY RECOMMENDED** that the Indictment against the defendant be **dismissed without prejudice**.

Any party who objects to this report and recommendation must serve and file specific, written objections by **May 10, 2007**. Any response to the objections must be served and filed by **May 14, 2007**.

**IT IS SO ORDERED.**

**DATED** this 2nd day of May, 2007.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT