# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>FERNANDO ARIAS-GONZALES,<br><br>      Defendant. | No. 06-CR-4088-DEO<br><br>ORDER REGARDING REPORT AND RECOMMENDATION CONCERNING DISMISSAL DUE TO SPEEDY TRIAL VIOLATION |

## I. INTRODUCTION

This matter is before the Court following the filing of a sua sponte report and recommendation (Docket No. 10) for a violation of the defendant's rights under the Speedy Trial Act, 18 U.S.C. §3161.

## II. BACKGROUND

On September 25, 2006, a criminal complaint was filed against the defendant, alleging he conspired to distribute methamphetamine.

On September 27, 2006, the defendant was arrested and had an initial appearance before Magistrate Judge Paul A. Zoss. Following this hearing, the defendant was detained.

On October 5, 2007, a preliminary examination was held, and Judge Zoss found probable cause to believe that the defendant had committed the offense described in the complaint, and held the defendant over to the grand jury.

On October 25, 2006, a one-count Indictment (Docket No. 2) was returned against the defendant. Count 1 of that Indictment charges the defendant with conspiracy to distribute 500 grams or more of methamphetamine. Two days later, on October 27, 2007, a lawyer was appointed to represent the defendant.

One hundred fifty-three days later, on March 29, 2007, the defendant was arraigned. During the arraignment, the defendant orally requested a new attorney, and later that same day a new attorney was appointed. Docket Nos. 5 and 7.

There are no events in the record that could have triggered an exclusion under the Speedy Trial Act, therefore, the defendant's trial should have commenced no later than January 3, 2007. There was no timely trial. Neither party filed anything to alert the Court that that was the situation.

On May 2, 2007, Chief U.S. Magistrate Judge Zoss issued a report and recommendation (Docket No. 10) which stated in part:

> This matter is before the court *sua sponte* for consideration of whether the Indictment should be dismissed due to violation of the defendant's rights under the Speedy Trial Act, 18 U.S.C. § 3161.

Judge Zoss recommended that the pending Indictment (Docket No. 2) be dismissed without prejudice. The Report and Recommendation sets out:

> When the court determines a speedy trial violation has occurred, the court is required to dismiss the Indictment *sua sponte*. United States v. Lowery, 21 F. Supp. 2d 648, 649 (E.D. Tex. 1998). Dismissal is automatic when a defendant is not brought to trial within the seventy-day limit specified by the Act. United States v. Mancias, 350 F.3d 800, 810 (8th Cir. 2003) (citing 18 U.S.C. § 3162). "The courts share with the government the responsibility to protect the speedy trial rights of both the defendant and society." United States v. Saltzman, 984 F.2d 1087, 1091 (10th Cir. 1993) (citing United States v. Doran, 882 F.2d 1511, 1517 (10th Cir. 1989). Similarly, the prosecutor "represents the people and for this reason shares the obligation to assure the mandates of the law are followed." Id., 822 F.2d at 1092. The events in this case lead to the conclusion that the Indictment should be dismissed because the defendant's right to a speedy trial has been violated.

Defendant filed objections to the Report and Recommendation, arguing that the Indictment should be dismissed with prejudice. In support, defendant states that, while this is a serious charge, the negligence of the Government in failing to arraign the defendant favors dismissal with prejudice. Furthermore, the defendant argues that dismissal with prejudice is appropriate because the

3

defendant would have to wait even longer if the Indictment is dismissed without prejudice and the Government is allowed to re-indict the defendant.

The defendant also objects to the Report and Recommendation on Sixth Amendment grounds. The defendant argues that the long delay referenced above is prejudicial under current Sixth Amendment analysis and the case should be dismissed with prejudice.

The Government filed a response to defendant's objections to the Report and Recommendation arguing that the Report and Recommendation should be adopted in its entirety. Docket No. 13.

On June 11, 2007, this Court held a hearing on the Report and Recommendation. Docket No. 16. During this hearing, the Court asked the parties to file additional briefs.

In response to the Court's directive, the defendant filed a motion for dismissal with prejudice. Docket No. 17-1. In his brief, the defendant argues under Barker v. Wingo, 407 U.S. 514 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972), the case should be dismissed with prejudice following a violation of the Sixth Amendment right to a speedy trial. Specifically, under Barker, the defendant argues that this Court, in

4

determining whether there has been a violation of the Sixth Amendment, must balance four factors-the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. Barker, 407 U.S. at 530. After balancing these factors, the defendant alleges that the case should be dismissed with prejudice.

The Government filed a resistance to the defendant's motion to dismiss contending, among other arguments, that defendant bears some of the responsibility to assert his speedy trial rights. Docket No. 18, at 2.

**III. ANALYSIS**

**A. Standard of Review**

Pursuant to statue, this Court's standard of review for a magistrate judge's Report and Recommendation is as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's Report and Recommendation on dispositive motions and prisoner petitions, where objections are made as follows:

5

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommendation decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b).

**B. Motion to Dismiss with Prejudice**

The Speedy Trial Act requires that a federal criminal defendant be brought to trial within 70 days of the filing of the Indictment or of arraignment, whichever is later. United States v. Kramer, 827 F.2d 1174, 1176 (8th Cir.1987); 18 U.S.C. § 3161(c)(1). When a violation of the time limits of the Act is shown to have occurred, dismissal is mandatory on motion of the defendant. Kramer, 827 F.2d at 1176; United States v. Wiley, 997 F.2d 378, 385 (8th Cir.1993); 18 U.S.C. § 3162(a)(2). Here, although the motion for dismissal was not initially made the by defendant, this Court still finds that dismissal is mandatory under the Speedy Trial Act. However, the district court has discretion to dismiss the Indictment either with or without prejudice, and the Act does not indicate a preference between the two. United States v.

6

Hamell, 3 F.3d 1187, 1189 (8th Cir.1993); Wiley, 997 F.2d at 385; Kramer, 827 F.2d at 1176. In determining whether or not to bar reprosecution, the Act mandates the district court to consider three factors: "(1) the seriousness of the offense; (2) the facts and circumstances which led to the dismissal, and (3) the impact of reprosecution on administration of the Act and justice in general." Kramer, 827 F.2d at 1176 (citing 18 U.S.C. § 3162).

There is no doubt the offense is serious. It is certainly true that the delay was far too long even though it is clear that the defendant and his attorney knew of the long delay but chose not to alert the Government or the Court about it.

An important difference in this case is that the defendant is an alien who would not be released even if the case was dismissed with prejudice. Ergo, this defendant has not been incarcerated when he could have been out on the streets. Reprosecution of him now would only increase his time served that he will get credit for if he is convicted or extend the time until he is deported.

The factual situation persuades this Court that it should adopt the findings and reasoning of the Magistrate Judge's

7

Report and Recommendation as to the three factors to be considered under the Speedy Trial Act, and finds that the Indictment be dismissed without prejudice.

**C. Sixth Amendment Violation**

The defendant also has a constitutional right to a speedy trial under the Eighth Amendment. Under Barker v. Wingo, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972), the Court must consider four factors when deciding whether a defendant's constitutional rights have been violated: the length of the delay, the reasons for the delay, the defendant's assertion of the right, and the prejudice of the defendant as a result of the delay.

In this case, as mentioned, the defendant did not assert his right to a speedy trial. In fact, the defendant became aware of the fact that the seventy day period had run before either the Court or the Government recognized this fact.

Furthermore, the length of the delay here is not so egregious that this Court finds that a Sixth Amendment violation has occurred. As the defense council articulated, Courts have generally found one year to be the presumptively prejudicial threshold. While this Court is aware that one year is not a bar that needs to be met in order for the delay

8

to be found prejudicial, the case law supplied by defense demonstrates that in several cases a period exceeding Mr. Arias-Gonzalez's imprisonment has been needed to require dismissal with prejudice. For example, in <u>Doggett v. United States</u>, 505 U.S. 647, 112 S. Ct. 2686, 120 L. Ed. 2d 520 (1992), an eight-and-one-half year delay from the Indictment to the arrest was found to be prejudicial, even though the defendant could not demonstrate specific prejudice. <u>Doggett</u>, 505 U.S. at. 658.

Moreover, the prejudice to the defendant is a factor weighed to determine if a Sixth Amendment violation has occurred. Here, there is no indication that the defendant has been prejudiced in procuring a defense, interviewing witnesses, or securing evidence; and as mentioned, he is an alien who would not have been released in any event. This Court finds insufficient prejudice to the defendant to require that this case be dismissed with prejudice.

This Court finds all parties are responsible for the delay. However, this Court finds no bad faith by the Government in causing the delay and mere negligence alone does not establish a Sixth Amendment violation.

9

Therefore, this Court finds no Sixth Amendment violation.

**IT IS THEREFORE HEREBY ORDERED** that the this Court accepts Chief Magistrate Judge Zoss's Report and Recommendation (Docket No. 10), to dismiss the pending Indictment without prejudice due to a violation of the Speedy Trial Act, 18 U.S.C. § 3161.

This case is dismissed without prejudice. All deadlines are terminated in relation to this matter, and the defendant's motion to dismiss at Docket No. 17 is **denied**.

**IT IS SO ORDERED** this 20th day of July, 2007.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa